Argued October 28, affirmed December 11, 1968, United States
Supreme Court denied certiorari April 1, 1969

HOOD RIVER COUNTY, *Respondent, v.*
WESTERN TREE FARMS, INC.
ET AL, *Appellants.*

Case No. P-2210

448 P. 2d 519

*William B. Wyllie,* Salem, argued the cause for appellants. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Carl R. Neil,* Portland, argued the cause for respondent. With him on the brief were Lindsay, Nah-

stoll, Hart, Dafoe & Krause, Portland, and John A. Jelderks, District Attorney, Hood River.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN and MENGLER, Justices.

DENECKE, J.

The plaintiff county filed a suit to quiet title to several parcels of property. The defendants counterclaimed asserting ownership of four of the parcels. The defendants' claim is based upon the alleged invalidity of the tax foreclosure proceedings through which the county claims title. The county demurred to the counterclaims upon the ground that they failed to state causes of suit and were barred by the statute of limitations. The trial court sustained the demurrers, defendants refused to plead further, the counterclaims were dismissed, and a decree was entered quieting plaintiff's title. The defendants appeal.

The foreclosure proceedings are claimed to be void because the published summons incorrectly described the property foreclosed or incorrectly described the owner of the property foreclosed.

Whether or not the defective summons constituted adequate notice to the owners of the properties, the defendants are barred from maintaining their counterclaims because the statute of limitations had run. ORS 312.230 (1).[1] We so held in *Hood River County v. Dabney*, 246 Or 14, 423 P2d 954 (1967).

Affirmed.

[1] "Every action, suit or proceeding, commenced for the purpose of determining the validity of a sale of real property on foreclosure for delinquent taxes, or to quiet title against such sale, or to remove the cloud thereof, or to recover possession of the property, shall be commenced within two years from the date of the judgment and decree of foreclosure and sale to the county, or within six months from June 1, 1961, whichever is the later."